1
2
3
4
5
6                    **IN THE UNITED STATES DISTRICT COURT**
7                        **FOR THE DISTRICT OF ARIZONA**
8
9    Rebham Pero Aduord,                    No. CV-15-01237-PHX-NVW (BSB)
10                    Petitioner,           **REPORT AND**
                                            **RECOMMENDATION**
11   v.
12   Loretta E. Lynch, et al.,
13                    Respondents.
14

15          Petitioner Rebham Pero Aduord, through counsel, has filed a Petition for Writ of

16   Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the

17   Department of Homeland Security (DHS) during removal proceedings.   (Doc. 1.)

18   Petitioner seeks a bond redetermination hearing.   (Doc. 1 at 8.)   Respondents (the

19   government) filed a response arguing that Petition should be dismissed for lack of

20   jurisdiction and for failure to state a claim.   (Doc. 14.)   Petitioner has not filed a reply,

21   and the time to do so has passed.  For the reasons set forth below, the Petition should be

22   denied.

23   **I.      Background**

24          Petitioner is a native and citizen of Kenya.  (Doc. 1 at 2.)  Petitioner asserts that he

25   entered the United States on or about May 28, 2011 as a lawful permanent resident.  (*Id.*)

26   On January 14, 2014, Petitioner was convicted in the Maricopa County Superior Court of

27   endangerment and driving under the influence of intoxicating liquor, and was sentenced

28   to four months in jail and two years' probation.  (*Id.*)  On December 5, 2011, DHS placed

1   Petitioner in removal proceedings and issued a Notice to Appear (NTA) charging him
2   with removability pursuant to section 237(a)(2)(A)(i) of the Immigration and Nationality
3   Act (Act or INA), 8 U.S.C. § 1227(a)(2)(A)(i), because within five years of admission,
4   Petitioner was convicted of a crime involving moral turpitude for which a sentence of one
5   year or longer may be imposed.  (Doc. 1 at 2.)

6          On July 9, 2014, an Immigration Judge (IJ) found that Petitioner was a danger and
7   a flight risk and denied bond.  (*Id.*; Doc. 14-1 at 1.)  On August 21, 2014, Petitioner,
8   proceeding pro se, appeared before an IJ and filed an application for relief from removal.
9   (*Id.*)  The IJ set the case for an individual hearing on January 13, 2015.  (*Id.*)  On or about
10  November 25, 2014, Petitioner, through counsel, filed a request for a bond
11  redetermination hearing under *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013).  (*Id.*
12  at 3.)   On December 10, 2014, the IJ denied the motion for a bond redetermination
13  without conducting a hearing.  (*Id.*)

14         On January 8, 2015, the IJ granted Petitioner's motion to continue, and reset the
15  final hearing to May 18, 2015.  (*Id.*)  At the May 18, 2015 hearing, Petitioner submitted
16  an amended I-589 application for relief from removal.  (*Id.*)  Over Petitioner's objection,
17  the IJ continued the hearing to January 13, 2016, stating that the continuance was
18  necessary to permit the IJ to review the changes to Petitioner's application for relief from
19  removal.  (*Id.*)  Respondents state that the IJ subsequently reset the hearing to September
20  21, 2015.  (Doc. 14 at 3.)  Petitioner has not filed a reply and has not clarified the status
21  of his hearing date.   Because Respondents have not presented any evidence to
22  substantiate that the hearing was reset to September 21, 2015, the Court assumes that
23  Movant remains in DHS custody awaiting a hearing.

24         On July 2, 2015, Petitioner filed the pending Petition arguing that his continued
25  detention violates the Due Process Clause.  (Doc. 1.)  The government argues that the
26  Court should dismiss the Petition because Petitioner has not named the proper
27  respondent, he failed to exhaust his administrative remedies, his request for bond
28

1    redetermination is moot because he already had a bond hearing, and his detention is not

2    improper.  (Doc. 14.)

3    **II.    Proper Respondent**

4    Petitioner brings his petition for writ of habeas corpus pursuant to 28

5    U.S.C. § 2241, which extends habeas relief to persons, "in custody under or by color of

6    the authority of the United States."  28 U.S.C. § 2241(c)(1).  Under 28 U.S.C. § 2243, a

7    writ of habeas corpus must be "directed to the person having custody of the person

8    detained."  28 U.S.C. § 2243; *see also*, 28 U.S.C. § 2242 (a petition for writ of habeas

9    corpus must "name the person who has custody over" the petitioner).  If the petition fails

10   to name the petitioner's custodian as the respondent, the court lacks personal jurisdiction

11   over the custodian and cannot grant relief.  *See Braden v. 30th Judicial Circuit Court*,

12   410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner

13   who seeks relief, but upon the person who holds him in what is alleged to be unlawful

14   custody.").

15   The Petition names six respondents: Loretta Lynch, the Attorney General of the

16   United States; Jeh Johnson, the Secretary of DHS; Sarah Saldana, the Director of U.S.

17   Immigration and Customs Enforcement (ICE); Thomas Homan, the Executive Associate

18   Director of U.S. Immigrations Customs Enforcement and Removal Operations; John

19   Gurule, the Director of the Arizona ICE Field Office; and Thomas Giles, the Deputy

20   Director of the Arizona ICE Field Office.  (Doc. 1 at 1.)  The government argues that in a

21   habeas petition challenging physical confinement the only proper respondent is the

22   warden of the facility housing the prisoner.  (Doc. 14 at 5.)  The government cites the

23   "immediate custodian rule" of *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), and contends

24   that Michael Donohue, the warden at the Eloy Detention Center, is the only proper

25   respondent.  (*Id.*)  Donohue was not named in the Petition, therefore, the government

26   seeks to dismiss the Petition on the ground that it does not name the proper respondent.

27   (Doc. 14 at 4.)

28

In *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the Supreme Court held that the proper respondent to a habeas petition challenging a petitioner's present physical confinement is "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. However, the Court expressly declined to resolve whether this rule, known as the "immediate custodian rule," applies to petitions filed by aliens detained pending removal. *Id*. at 435 n.8.

Prior to *Padilla*, the Ninth Circuit Court of Appeals held that that the Attorney General and the Secretary of Homeland Security were proper respondents to an immigration detainee's § 2241 petition. *Armentero v. Immigration and Naturalization Serv.*, 340 F.3d 1058, 1073 (9th Cir. 2003) (*Armentero I*). The court declined to apply the "immediate custodian rule," concluding that "the most appropriate respondent to petitions brought by immigration detainees is the individual in charge of the national government agency under whose auspices the alien is detained." *Id.* at 1071. However, after the Supreme Court decided *Padilla*, the Ninth Circuit granted a petition for rehearing in *Armentero* and withdrew its original opinion. By the time the case was decided, the petitioner had absconded and, therefore, the court dismissed the action on other grounds. *Armentero v. Immigration and Naturalization Serv.*, 412 F.3d 1088, 1088 (9th Cir. 2005) (*Armentero II*). Nevertheless, Judge Berzon, in dissent, indicated that she would reaffirm the holding in *Armentero I*. *Armentero II*, 412 F.3d at 1090; *see also Rivera v. Holder*, ___ F.R.D. ___ , 2015 WL 1632739, at *2 n.1 (W.D. Wash. Apr. 13, 2015) (declining to apply "immediate custodian rule" in immigration context); *Bogarin-Flores v. Napolitano*, 2012 WL 3283287, at *2 (S.D. Cal. Aug. 10, 2012) (same). There is no other Ninth Circuit authority addressing this specific issue.

Accordingly, in the absence of any Ninth Circuit authority precluding Petitioner from naming the Attorney General and the Secretary of Homeland Security as respondents in this matter, the Court will not recommend dismissal of the Petition on that basis. However, the Court recommends that Respondents Saldana, Homan, Gurule, and

Giles be dismissed, because the rationale articulated in *Armentero I* does not extend to these Respondents.

**III.   Petitioner's Claims based on the IJ's Bond Decisions**

    **A.   The District Court's Jurisdiction to Review a Bond Determination**

Petitioner challenges the denial of bond.  He argues that the Immigration Court's July 9, 2014 order finding that he posed a danger and flight risk was "arbitrary and capricious," and "not based on substantial evidence."  (Doc. 1 at 7.)  Respondents argue that under *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008), this Court lacks jurisdiction to review the discretionary decisions denying Petitioner bond.  (Doc. 14 at 6.)  As discussed below, the Court agrees.

After an alien is detained, the DHS district director makes an initial custody determination and may allow the alien to be released on bond.  *See* 8 C.F.R. § 236.1(d).  If the alien disagrees with the determination, he may request a bond redetermination hearing before an IJ at any time before the issuance of an administratively final order of removal.  *See* 8 C.F.R. §§ 236.1(d).  The alien may then appeal the IJ's bond decision to the Board of Immigration Appeals (BIA).  *See* 8 C.F.R. § 236.1(d)(3).  As Respondent's argue, the IJ's discretionary decisions granting or denying bond are not subject to judicial review.  *See* § 1226(e); *Prieto-Romero*, 534 F.3d at 1058.  Accordingly, this Court lacks authority to review the IJ's discretionary bond decisions.

    **B.   Exhaustion of Administrative Remedies**

In addition to challenging the IJ's discretionary bond decisions, Petitioner argues that the IJ's December 20, 2014 order denying his motion for bond redetermination without holding a hearing violated the Due Process Clause.  (Doc. 1 at 6.)  Respondents argue that the Court should dismiss this claim for failure to exhaust administrative remedies.  (Doc. 14 at 6-7.)

On May 16, 2014, Petitioner was charged as removable under 8 U.S.C. § 1227(a)(2)(A)(i).  (Doc. 1 at 2.)  On July 9, 2014, an IJ denied Petitioner bond because he was a danger and a flight risk.  (Doc. 14-1 at 1.)  Petitioner did not appeal that

1   bond determination to the BIA.  Rather, he filed a motion for custody redetermination.

2   (Doc. 1 at 3.)  On December 10, 2014, the IJ denied the motion without a hearing.  (*Id.*)

3   Petitioner did not appeal the IJ's decision to the BIA.

4          Aliens who are detained under § 1226(a) are entitled to a bond hearing.  *Leonardo*

5   *v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).  If a detained alien is dissatisfied with

6   the IJ's bond determination, he may file an administrative appeal so that "the necessity of

7   detention can be reviewed by . . . the BIA."  *Prieto–Romero*, 534 F.3d at 1059.  If the

8   alien remains dissatisfied, he may file a petition for habeas corpus in the district court.

9   *See V. Singh v. Holder,* 638 F.3d 1196, 1200-03 (9th Cir. 2011).  The alien may then

10  appeal in the appropriate circuit court of appeals.  *Leonardo*, 646 F.3d at 1160.

11         Here, Petitioner filed the pending petition for habeas review of the IJ's adverse

12  bond determination before appealing to the BIA.   "This short cut [is] improper.

13  [Petitioner] should have exhausted administrative remedies by appealing to the BIA

14  before asking the federal district court to review the IJ's decision."  *Leonardo*, 646 F.3d

15  at 1160 (citing *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) (a petitioner

16  "must exhaust administrative remedies before raising . . . constitutional claims in a

17  habeas petition when those claims are reviewable by the BIA on appeal")).  Once the BIA

18  issued a decision, Petitioner could have properly pursued habeas relief in this Court.

19  *Leonardo*, 646 F.3d at 1160.

20         Because Petitioner did not exhaust his administrative remedies, the Court

21  recommends that Petitioner's challenge to the IJ's July 9 and December 10, 2014

22  decisions be dismissed.

23  **IV.    Prolonged Detention**

24         Petitioner has been detained by DHS for approximately sixteen months and he

25  alleges that his prolonged detention "is an unconscionable denial of liberty to a legal

26  permanent resident . . . ."  (Doc. 1 at 6, 7.)  Respondents assert that Petitioner's detention

27  is not prolonged and does not support his release from custody.  (Doc. 14 at 10.)

28

The record before the Court at this time reflects that a final order of removal has not been issued, and that Petitioner is being detained pending a decision on whether he is to be removed from the United States.  (Doc. 1 at 2-3.)  It appears that Petitioner is being detained under 8 U.S.C. § 1226(a), and that he has been afforded an initial bond hearing.[1]  (Doc. 1 at 2.)  Under § 1226(a), the Attorney General has the discretionary authority to detain an alien "pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).

In *Prieto-Romero*, 534 F.3d at 1062, the court construed "the Attorney General's detention authority under § 1226(a) as limited to the 'period reasonably necessary to bring about an alien's removal from the United States[.]'"  *Id.* at 1063 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001)).  The court, however, found no basis for habeas relief even though the petitioner's "removal was certainly delayed by his pursuit of judicial review of his administratively final removal order," because there was no evidence that he was "unremovable because his destination country will not accept him or his removal is barred by our own laws."  *Id.* at 1063 (internal citation omitted).

Based on the record before the Court, a final order of removal has not issued and, therefore, Petitioner is being detained during removal proceedings.  The Supreme Court has held that "[d]etention during removal proceedings is a constitutionally permissible part of that process."  *Demore v. Kim*, 538 U.S. 510, 531 (2003).  Additionally, Petitioner's removability is distinguishable from the "removable-but-unremovable limbo" of the detainees in *Zadvydas v. Davis*, 533 U.S. 678 (2001).  *See Pietro-Romero*, 534 F. 3d at 1063.  Petitioner has not presented any evidence, such as a lack of repatriation agreement with Kenya, or a finding that he is entitled to mandatory relief from removal, which would prevent his removal if an eventual petition for review of a final order of removal were ultimately denied.  *See id*; *see also Kumar v. Gonzales*, 555 F. Supp. 2d 1061, 1065 (N.D. Cal. 2008) (applying the rationale of *Zadvydas* to determine whether an

---

[1]  Accordingly, Petitioner's request for a bond hearing is moot.  (Doc. 1 at 7.)

alien's detention of nearly one year before the issuance of a final order of removal was justified and concluding that the petitioner's detention was lawful).

Additionally, much of the delay in holding an individual hearing to determine whether Petitioner will be removed from the United States is attributable to a continuance Petitioner requested (Doc. 1 at ¶ 14), and to his submission of an amended I-589 application that required additional consideration by the IJ.   (Doc. 1 at ¶¶ 14-18.) Additionally, Petitioner has been afforded a bond hearing.  (Doc. 1 at 2.)  Accordingly, Petitioner's current detention is not unconstitutionally indefinite and does not entitle him to § 2241 relief.  *See Demore,* 538 U.S. at 530-31 (concluding that an immigrant's request for a continuance helped justify the "somewhat longer than average" length of his detention); *Ly v. Hansen*, 351 F.3d 263, 272 (6th Cir. 2003) (delay attributable to immigrant can help justify continued detention).

**V.   Conclusion**

The Court recommends that Respondents Saldana, Homan, Gurule, and Giles be dismissed.  The Court also recommends that the Petition be denied because this Court lacks authority to review the IJ's discretionary bond determinations, Petitioner failed to exhaust administrative remedies, and because Petitioner's detention during removal proceedings does not warrant § 2241 relief.

Accordingly,

**IT IS RECOMMENDED** the Respondents Saldana, Homan, Gurule, and Giles be dismissed.

**IT IS FURTHER RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.  The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 6 and 72.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Dated this 26th day of October, 2015.


_____

Bridget S. Bade
United States Magistrate Judge